IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LOPEZ-DIAZ,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CV F 07-0244  AWI<br>(CR F 03-5285 AWI)<br><br>ORDER DENYING MOTION TO VACATE, CORRECT OR SET ASIDE THE SENTENCE AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>28 U.S.C. § 2255 |

In this case, petitioner Martin Lopez-Diaz, ("Petitioner") seeks relief under 28 U.S.C. section 2255 from the sentence of 70 months in custody that were imposed by this court on October 25, 2004, following his entry of a guilty plea to one count of being an alien found in the United States Following Deportation in violation of 8 U.S.C. §1326.  Prior to, and during the pendency of, his motion for habeas corpus relief, Petitioner also requested appointment of counsel to aid him in his effort to gain post-conviction relief.  For the reasons that follow, the court will deny both Petitioner's motion for habeas corpus relief and his request for appointment of counsel.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was tried by jury on a three-count indictment that alleged one misdemeanor count of illegal alien found in the United States and two counts of alien found in the United States after deportation.  Petitioner was convicted on a single count of Deported Alien Found in

the United States in violation of 8 U.S.C. § 1326 on June 16, 2004.  Petitioner was initially sentenced to a term of imprisonment of 70 months.  Judgment was entered on October 28, 2004. An appeal was taken on December 12, 2005.  The appeal presented two issues; first, Petitioner contended that his  prior deportations were unlawful, and second Petitioner alleged he was sentenced prior to the Supreme Court's determination in <u>United States v. Booker</u>, 543 U.S. 220 (2005) that the United States Sentencing guidelines were advisory.  Petitioner requested to be resentenced in light of <u>Booker</u>.  The Ninth Circuit Court of Appeals affirmed the conviction and issued a limited remand for the purposed of resentencing in light of <u>Booker</u>..  Petitioner was resentenced on June 12, 2006.  The same 70-month term of imprisonment was imposed at resentencing.  An amended judgment was entered on June 28, 2006.

     Petitioner filed notice of a second appeal on June 30, 2006.  Petitioner voluntarily dismissed his second appeal on August 18, 2006.  Petitioner requested appointment of counsel for preparation of a petitions for post-conviction relief on August 30, 2006, and again on February 14, 2007.  The instant motion to vacate, correct or set aside the sentence pursuant to 28 U.S.C. section 2255 (the "2255 Motion") was timely filed on February 14, 2007.

     Petitioner's 2255 motion alleges that his sentence was improperly enhanced based on an allegation of a second deportation that had not occurred by the time Petitioner had been arrested in the instant case.  Petitioner alleges he suffered ineffective assistance of counsel because his attorney did not object to, or seek to correct, the allegedly erroneous enhancement of his sentence by the allegation of a deportation that had not yet happened.  Petitioner supports his claim by including portions of the appellant's opening brief and reply brief that were filed in his first appeal.  In both briefs, Petitioner's attorney referred consistently to Petitioner's deportation on two occasions prior to his arrest in the current case.  Petitioner infers from these references in the briefs in his appeal that his attorney had allowed this court to sentence based on two prior deportations despite Petitioner's protestations that there had only been one prior deportation.

## LEGAL STANDARD

Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence. Also under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United State s v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against he record, fail to state a claim for relief or "are so palpably incredibly or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

### I. Ineffective Assistance of Counsel

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the

Strickland test if the plaintiff's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

Petitioner's claim fails because the factual predicate of his claim is simply not true. The Presentence Investigation Report ("PIR") that was prepared in advance of Petitioner's sentencing alleged one and only one prior deportation as the factual basis for the charge alleged against Petitioner. Specifically, the PIR alleged Petitioner was deported from the United States on or about May 30, 2001, and was found in the United States on or about February 26, 2003. The base offense level of 8 was enhanced by 16 levels because the previous deportation on May 30, 2001, followed Petitioner's arrest for assault with a firearm. While the facts recited in Petitioner's appellate briefs were probably erroneous in that they reflected two prior deportations, Petitioner suffered no prejudice either as a result of the inclusion of those facts in the briefs or as a result of his attorney's alleged failure to correct the record. Petitioner's sentence is based on facts that petitioner does not dispute, nothing more.

## II. Requests for Appointment of Counsel

The Sixth Amendment right to counsel does not apply in habeas corpus actions. There currently exists no absolute right to appoint of counsel in § 2255 proceedings. Rather, 18 U.S.C. § 3006A(a)(2)(b) allows the appointment of counsel for a § 2255 motion where: (1) the person is financially eligible for appointment of counsel and (2) the interests of justice require the appointment of counsel. "Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).

In the present case, there is no evident purpose to be served by appointment of counsel. Petitioner's motion pursuant to § 2255 has been evaluated and found to be completely without merit. The interests of justice would not be advanced by appointment of an attorney to represent Petitioner in bringing a collateral attack on his sentence where the motion for post-conviction

4

relief is based on nothing more than a mistaken impression of the factors that went into the computation of Petitioner's sentence.

THEREFORE, pursuant to the foregoing discussion, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.  Petitioner's requests for appointment of counsel as set forth in Documents No. 75, No. 77, and No. 80 are also DENIED.  The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:     December 11, 2008**               /s/ Anthony W. Ishii
                                                CHIEF UNITED STATES DISTRICT JUDGE

5